NOT DESIGNATED FOR PUBLICATION

No. 112,956

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MITCHELL C. NORTHERN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed February 5, 2016. Affirmed.

*Samuel Schirer*, of Kansas Appellate Defender Office, for appellant.

*Kristiane N. Bryant*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J, GREEN and STANDRIDGE, JJ.

*Per Curiam*: Mitchell C. Northern appeals the district court's decision denying his request to pursue an untimely direct appeal after an *Ortiz* hearing. See *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982).

FACTS

In August 2010, the State charged Northern with aggravated assault of a law enforcement officer, eluding a police officer, improper turn signal, and driving while

1

suspended. Francis Martin was appointed to represent Northern. In November 2010, the district court granted Northern's request to be evaluated in order to determine if he was competent to stand trial. One month later, Martin filed a motion to withdraw from the case. In support of the motion, Martin claimed Northern no longer wished for Martin to represent him. The district court granted Martin's motion and appointed Richard Carney to represent Northern.

The report setting forth the results of Northern's initial competence evaluation concluded that Northern did not have a complete understanding of the legal proceedings against him. The report recommended further evaluation at Larned State Hospital (Larned). The district court ordered Northern to be committed to Larned for up to 60 days in order to undergo another competency evaluation. The staff at Larned later determined that Northern was competent to stand trial.

On September 30, 2011, Northern signed a document titled Petition to Enter Plea of Guilty. The document Northern signed set forth the terms of a plea agreement involving this case as well as the terms of a plea agreement involving case 10-CR-34, in which Northern was charged with, among other things, first-degree murder. With regard to this case, Northern agreed to plead guilty to aggravated assault of a law enforcement officer. In return, the State agreed to dismiss all other charges and to recommend that his sentence run concurrent to the sentence imposed for the murder charge in 10-CR-34. Pursuant to the plea agreements, Northern pled guilty to and was convicted of aggravated assault of a law enforcement officer and first-degree murder.

Northern was sentenced in this case to 43 months in prison for the aggravated assault conviction. Northern was sentenced in 10-CR-34 to life in prison without the possibility of parole for 25 years for the murder conviction. The two sentences were ordered to run concurrently. The district court informed Northern that he had 14 days to file an appeal. Northern never filed a notice of appeal.

On May 19, 2014, Northern filed a pro se motion requesting permission to file an appeal out of time. In support of his motion, Northern alleged that he asked his attorney to appeal his sentence but that his attorney failed to do so. The State responded by requesting an evidentiary hearing.

The hearing was held on September 12, 2014. Northern testified first. Northern confirmed that he understood his plea agreement recommended a prison sentence of 25 years to life. Northern also testified, however, that he remembered telling Carney that he wanted to file an appeal of his sentence. According to Northern, Carney responded by saying that an appeal would not "do any good." After Carney said that, Northern never asked Carney to file an appeal again.

On cross-examination, Northern stated only that he was "fairly sure" he asked Carney to file a notice of appeal. He said he was "most of the way sure that [he] did" but admitted he could have been mistaken. He also admitted that he did not contact Carney within his initial 14-day window to appeal and never checked to see if an appeal had been filed until May 2014. When Carney was called to testify, Carney unequivocally stated that he remembered Northern's sentencing hearing and that Northern never asked him to file an appeal.

The district court denied Northern's motion. In a written journal entry, the court specifically found that Northern was notified of his right to appeal, that Northern did not recall a specific conversation with Carney in which he asked Carney to file an appeal on his behalf, and that Carney testified that Northern did not request that Carney file an appeal. The district court ultimately determined that none of the *Ortiz* exceptions allowing for a late appeal applied in this case.

ANALYSIS

The timely filing of a notice of appeal in a criminal case is generally jurisdictional. *State v. Hall*, 298 Kan. 978, 986, 319 P.3d 506 (2014). In order to appeal directly from a criminal conviction, the defendant must file a notice of appeal within 14 days after sentencing. K.S.A. 2015 Supp. 22-3608(c). Our Supreme Court has recognized exceptions to the general rule that the filing of a timely notice of appeal is a jurisdictional requirement. *Ortiz*, 230 Kan. 733, Syl. ¶ 3. But it has only identified "three narrowly defined, truly exceptional circumstances" in which a defendant should be permitted to file a late direct appeal. *State v. Patton*, 287 Kan. 200, 217, 195 P.3d 753 (2008). These narrow exceptions allow a defendant to file a late appeal if the defendant "(1) was not informed of his or her right to appeal, (2) was not furnished an attorney to perfect an appeal, or (3) was furnished an attorney who failed to perfect an appeal." 287 Kan. 200, Syl. ¶ 3. These exceptions are referred to as the *Ortiz* exceptions. 287 Kan. at 218.

Northern argues that his claim falls under the third *Ortiz* exception and that the district court erred by denying his request to file a late appeal. This court reviews a district court's decision following an *Ortiz* hearing under a bifurcated standard. It reviews the district court's factual findings to determine if they are supported by substantial competent evidence, and it reviews the district court's ultimate legal conclusions de novo. *State v. Gill*, 287 Kan. 289, 293, 196 P.3d 369 (2008). An appellate court does not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses. *State v. Lewis*, 301 Kan. 349, 371, 344 P.3d 928 (2015).

Northern concedes on appeal that the district court found Carney's testimony to be more reliable that Northern's testimony. Nevertheless, Northern argues that it was unreasonable for the district court to reach that decision. In support of this argument, he points to two things. First, he cites K.A.R. 105-3-9(a)(3), which states that an appointed attorney has a duty to file a timely notice of appeal unless a waiver of the right to appeal

4

has been signed by the defendant. Northern admits Carney never testified one way or the other about whether he complied with this regulation. Notwithstanding this admission, Northern suggests we can make a reasonable inference from the facts that Carney failed to comply with the regulation because, according to Carney, Northern never brought up the possibility of an appeal after the sentencing. The record does not support such an inference.

K.A.R. 105-3-9(a)(3) does not require the waiver referenced by Northern be filed with the court, nor does it explicitly require the waiver to be completed at any particular time during the proceedings. Neither party asked Carney at the hearing whether he complied with this regulation; thus, Northern could have signed a waiver to his right to appeal before or after the sentencing hearing. Given the silence in the record concerning the waiver, however, it would be improper to make any inferences regarding its existence.

Next, Northern argues that he was attempting to be candid with the court at the hearing and that the district court erred by not finding that his testimony was accurate. But to accept Northern's argument would require us to reweigh the evidence and redetermine the credibility of witnesses, which we cannot do. Carney's testimony that Northern never requested him to file a notice of appeal supports the district court's ultimate conclusion that no *Ortiz* exceptions applied that would have allowed Northern to pursue a late appeal. For this reason, we affirm the decision of the district court.

Affirmed.